IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 02-cv-02356-MSK-BNB

STEPHEN THENE SPARKS,

Plaintiff,

v.

K. RITTENHOUSE,

Defendant.

_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion to Compel** [Doc. # 97, filed 9/14/06] (the "Motion").  The plaintiff requests an order compelling the defendant to produce documents responsive to his Requests for Documents Nos. 1 through 6.[1]  I have reviewed the plaintiff's requests and the defendant's responses to the requests.  I find that the defendant properly objected to all of the requests with the exception of Request No. 4.

Plaintiff's Request No. 4 requests that the defendant "[p]roduce copies of any memorandum, written account, or other writing prepared by you which concerns this complaint." *Response*, Exhibit A, p. 2, ¶ 4.  The defendant objected to the request on the basis that "[t]he only documents responsive to this request are privileged pursuant to the attorney-work product as such responsive documents were prepared in anticipation of litigation."  Id.

_____

[1]The request for production is not attached to the Motion, nor does the plaintiff set forth verbatim his requests and the defendants' responses to those requests as required by local rule of practice 37.1, D.C.COLO.LCivR.  The defendant, however, has provided the Court with copies of the requests and her responses to the requests.

A party resisting discovery based on the attorney-client privilege or work product immunity has the burden of establishing that the privilege applies.  Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984).  Under Fed.R.Civ.P. 26(b)(5), when a party withholds documents or other information based on the attorney-client privilege or work product protection, the party "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

To satisfy the burden established by Rule 26(b)(5), the party asserting the privilege must provide a privilege log that describes in detail the documents or information claimed to be privileged and the precise reasons the materials are subject to the privilege asserted.  See McCoo v. Denny's, Inc. 192 F.R.D. 675, 680 (D.Kan. 2000).  The information provided in the privilege log must be sufficient to enable the court to determine whether each element of the asserted privilege is satisfied.  Id.

In this case, the defendant has failed to provide any privilege log from which I can determine whether the withheld information is subject to a privilege.  Accordingly,

IT IS ORDERED that the plaintiff's Motion to Compel Discovery is DENIED insofar as it seeks to compel discovery with regard to Requests for Documents Nos. 1, 2, 3, 5, and 6.

IT IS FURTHER ORDERED that on or before **October 16, 2006**, the defendant shall submit a privilege log containing a detailed description of all materials withheld from production on a claim of attorney-work product in response to Plaintiff's Request No. 4.  The privilege log

2

shall state specific reasons why each document or piece of information is subject to the asserted

privilege.

Dated October 6, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge